UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re

    MICHAEL E. STONE
    *dba* MICHAEL E. STONE,
        ATTORNEY AT LAW,

        Debtor.

Case No. 18-50095 MEH
Chapter 7
Hon. M. Elaine Hammond

[No Hearing Requested]

## NOTICE OF DISPOSITION OF ASSETS

**TO CREDITORS, THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

    **PLEASE TAKE NOTICE THAT** Kari Bowyer, Chapter 7 Trustee of the estate of the above Debtor, has entered into an agreement with the Debtor regarding disposition of assets of the estate that have equity for creditors. The agreement is subject to Bankruptcy Court approval. Under the terms of the agreement, the Trustee will abandon to the Debtor under 11 U.S.C. § 554 the bankruptcy estate's equity in the Debtor's residence and the Debtor's law practice (including accounts receivable with the exception relating to possible objections to claims noted below), and will release the Trustee's claim for turnover of amounts in the Debtor's bank accounts that could have been available for creditors had stop-payment orders been issued on checks written before the Debtor filed his Chapter 7 petition. In exchange, the Debtor will pay consideration in the amount of $90,000 payable as follows: a $25,000 down payment due after entry of an order approving the transaction and $6,500 per month for 10 months. The Debtor will execute a promissory note for the full amount secured by a deed of trust against the residence. The Trustee will re-convey the deed of trust after she receives the final installment payment. For the reasons set forth below, the Trustee believes the transaction is in the best interest of the estate and should be approved by the Court.

    The Debtor disclosed ownership of the real property commonly known as 127 Abby Court, Santa Cruz, California (the "Property"). He attributed a value of $900,000 to the Property, disclosed secured debt in the aggregate amount of $670,000, and claimed a $175,000 homestead exemption in it. The Trustee consulted with a broker regarding the likely fair market value of the Property and a suggested listing price range that was higher than the value the Debtor attributed to the Property. The broker suggested that listing the Property in this range would prompt an offer and might generate interest by overbidders.

    Based on the actual amount of the secured debt at or near the petition date ($657,000), the Trustee concluded that a sale at $960,000, which the broker believed was likely, would generate approximately $72,000 in net sale proceeds after payment of secured debt, closing costs, and the Debtor's homestead exemption).

    The Debtor disclosed the assets in his sole proprietorship law practice, including $160,000 in uncollected accounts receivable. The Trustee believes that, other than what could be collected on the accounts receivable, the law practice had value most likely only to the Debtor. The accounts receivable were either small in amount or problematic for other reasons. Some were the subject of lawsuits. The Trustee sent demand letters, but received only a small amount in response.

    The Debtor disclosed $10,537 in cash in his bank accounts on the petition date and all of which he claimed exempt. In her review of bank records, the Trustee determined that the actual non-exempt funds in the account on the petition date was approximately $24,750 and that if payment on the checks that were outstanding had been stopped, that sum would have been available for the estate. She requested turnover of that sum from the Debtor. An additional recourse would be to demand return of funds transferred by checks that were written before the petition was filed but cleared afterward. That effort would likely require the filing of complaints.

1

The Trustee and the Debtor engaged in discussions regarding the value of the assets, the Trustee's intent to sell the Property, and certain other issues, and reached an agreement that the Debtor would pay the estate $90,000 for the estate's equity in all of these assets. With the exception of the amount equivalent to the non-exempt funds in the Debtor's accounts ($24,750), which constitutes a turnover of money, the balance of consideration is for purchase of assets. The Debtor will be entitled to pursue accounts receivable for his own account, but the Trustee will retain the legal right to offset any unpaid amount against any proof of claim on file as part of a formal claim objection. The Trustee will be abandoning the Property so that it will leave the estate but will be subject to a deed of trust in favor of the bankruptcy estate securing the installment payments. Once the installment payments are completed, the Trustee will re-convey the deed of trust.

The Debtor will make an initial payment of $25,000 within 30 days of entry of a Court order approving the transaction. For the next 10 months, the Debtor will make installment payments of $6,500. He will execute a promissory note secured by a deed of trust against the Property.

If the Trustee were to sell the Property at what she expects to be fair market value, she would be entitled to request a statutory commission under Section 326 of the Bankruptcy Code of approximately $50,000. Whether the commission would be approved by the Court is a separate question. However, the commission would likely be significant and would be payable from estate funds, reducing the amount available for creditors. A commission calculated on the $90,000 in consideration would be approximately $8,000. The Trustee is also entitled to request a commission on other funds distributed.

The recovery of money in checks that were written before the petition was filed but cleared afterwards might be accomplished by written request. However, the likelihood that every recipient of a payment would voluntarily return the money is extremely low and, especially with larger transfers, complaints would likely be required at a cost to the estate. The Trustee would not file a complaint to recover a small sum of money. Return of the complete sum by the Debtor is a significantly better result at little cost.

In the exercise of her business judgment, the Trustee believes the proposed transaction with the Debtor is in the best interest of the estate and should be approved by the Court.

**PLEASE TAKE FURTHER NOTICE THAT** anyone who wishes to object to the proposed disposition of assets must do so in conformity with Rule 9014-1 of the Bankruptcy Local Rules for the Northern District of California. Rule 9014-1 prescribes the following procedure: (a) any objection to the requested relief, or request for hearing on the matter, must be filed and served upon the initiating party **within 21 days** of mailing the notice; (b) any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its positions. If there is no timely objection to the request for relief or a request for hearing, the Court may enter an order granting the relief by default. In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case. For purposes of filing with the Court, documents shall be filed with the United States Bankruptcy Court, 280 South First Street, Room 3035, San Jose, CA 95113-3099, and served on counsel for the Trustee at the address below.

DATED: April 23, 2018     RINCON LAW, LLP

By: */s/Charles P. Maher*
Charles P. Maher
Counsel for Kari Bowyer, Chapter 7 Trustee

Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
268 Bush Street, No. 3335
San Francisco, California 94104
Telephone No.: 415-996-8280
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

2