Michael E. Stone SBN 406016
1726 Seabright Ave.
Santa Cruz, CA 95062
Tel: 831-713-5773
Fax: 831-713-5797
mike@stonesiegel.com

Attorney for Defendant
Michael E. Stone

UNTIED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br>    MICHAEL E. STONE<br>        Debtor<br>_____/<br>KEITH TAI WONG<br>        Plaintiff,<br>  v.<br>MICHAEL E. STONE,<br>        Defendant.<br>_____/ | CASE NO. 18-50095 MEH<br>AP Case No. 18-05014 MEH<br>Chapter 7<br>DEFENDANT'S STATUS CONFERENCE STATEMENT<br>Date: June 24, 2019<br>Time: 10:00 a.m.<br>Judge: Honorable Mary Hammond |

Defendant hereby submits this Status Conference Statement.

**1. SUMMARY OF STATE COURT MATTER**

In 2013, Plaintiff filed a complaint against Defendant Michael E. Stone in Santa Clara County Superior Court. The Matter proceeded to trial. On or about December 22, 2017, a judgment was awarded therein. Thereafter, Defendant filed the instant bankruptcy.

**2. SUMMARY OF ADVERSARY PROCEEDING EVENTS**

Plaintiff filed the instant adversary proceeding, seeking relief under §§523 and 727. Plaintiff originally also sought to have a real property transaction reversed as a fraudulent conveyance. Thereafter, counsel for chapter 7 trustee pointed out that the fraudulent conveyance cause of action belongs to the bankruptcy estate, and Plaintiff therefor lacks standing to bring that action. Plaintiff amended his complaint and removed that cause of action. The Leffler Defendants were then dismissed

1

DEFENDANT'S STATUS CONFERENCE STATEMENT
\\10.1.10.22\stonefiles\Clients\Stone v. Wong\Bankruptcy filings this case\Status Conference 6-19-19.wpd

Case: 18-50095   Doc# 38   Filed: 06/19/19   Entered: 06/19/19 14:33:15   Page 1 of 2

from the case.

Plaintiff contends that a portion of the State Court Judgment is for fraud and, therefore, non-dischargeable. Defendant content is the entire amount of the Judgment was for negligence and is fully dischargeable.

At the last status conference hearing, the Court ordered the parties to agree on the appointment of a Bankruptcy Dispute Resolution mediator, set a date, and report back to the Court. The parties selected Reg Lorman and a mediation took place in his office on December 19, 2018 at 1:00 p.m. It was unsuccessful in resolving the case.

### 3. DISCOVERY CONFERENCE

The parties have conferred regarding discovery issues. Defendant has provided rather thorough documentation regarding his defense to the alleged fraudulent conveyance cause of action, and understands that Plaintiff has completed his discovery. Defendant intends to submit Requests For Admissions to Plaintiff.

### 4. FUTURE MOTIONS

Once Defendant completes his discovery, he believes a summary adjudication of most, if not all, issues raised in AP Complaint will be appropriate; and a motion would be filed accordingly. One of the issues to be determined prior to trial is the legal effect of any distribution in the Chapter 7 proceeding on the dischargeability of whatever portion of the State Court Judgment, if any, was based on fraud.

### 5. TRIAL SETTING

Plaintiff has requested the status conference be continued 180 days so he can again attempt to amend his complaint (note: he has amended once already and was denied a motion to permit a second amendment). Defendant would like to put this matter behind him sooner than later, and requests that a trial date be set for December 2019 or January 2020.

DATED: June 19, 2019

_____
Michael E. Stone
Defendant in pro per

2
DEFENDANT'S STATUS CONFERENCE STATEMENT
\\10.1.10.22\stonefiles\Clients\Stone v. Wong\Bankruptcy filings this case\Status Conference 6-19-19.wpd
Case: 18-50095   Doc# 38   Filed: 06/19/19   Entered: 06/19/19 14:33:15   Page 2 of 2