Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
200 California Street, Suite 400
San Francisco, CA  94111
Telephone No.:  415-840-4199
Facsimile No.:   415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for KARI BOWYER,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

    MICHAEL E. STONE
    *dba* MICHAEL E. STONE,
        ATTORNEY AT LAW,

    Debtor.

Case No. 18-50095 MEH
Chapter 7
Hon. M. Elaine Hammond

[No Hearing Requested]

**MOTION FOR ORDER AUTHORIZING**
**PAYMENT OF ADMINISTRATIVE EXPENSES**

Kari Bowyer, Chapter 7 Trustee of the estate of the above Debtor files this motion for an order authorizing her to pay certain administrative expenses in connection with the real property commonly known as 3430 Gypsum Road, Reno, Nevada (the "Property") which the Trustee acquired on behalf of the estate through foreclosure on a deed of trust securing an obligation to the Debtor.  The foreclosure was completed on August 30, 2019.  Background information on the foreclosure is provided below.  The Property is the last asset that remains to be liquidated.

In connection with the estate's ownership of the Property, the estate will owe property tax to Washoe County.  The Trustee has insured and will continue to insure the property and premiums due periodically while the Trustee markets the Property for sale.  The Trustee received a "new owner property tax reminder notice" from the Washoe County Treasurer stating that annual property tax will be approximately $726.  The Trustee is seeking authority to pay that amount and other property tax that may become due while the estate owns the Property.

The Trustee has acquired insurance for the Property after the foreclosure at a rate of $150 for each three months. The Trustee is requesting authority to pay the quarterly insurance premium and any interest or fees that may be due for the first quarter of coverage.

There may be other incidental costs related to the Property and the Trustee is requesting authority to spend up to $1,000 for those other miscellaneous expenses if they become due in addition to property tax and insurance premiums.

The Trustee acquired the Property from her foreclosure on a deed of trust on August 30, 2019. A few months before the Debtor filed his Chapter 7 petition in January 2018, he sold the Property to Reno Gypsum Development, LLC, for $90,000; half of the purchase price was cash and was by a promissory note secured by a deed of trust against the Property. The note was payable in full on November 1, 2018. Under the terms of the promissory note, no interest was charged for the first six months of the loan.

The Trustee communicated with the borrower long before November 1, 2018, but at first the borrower ignored her. When November 1 approached, the Trustee made clear that payment was due on that date. The borrower requested extensions of time in which to pay the amount due and paid a forbearance fee for the first short extension. The borrower promised to pay a fee for a second forbearance period but failed to do so. As a result, the Trustee initiated foreclosure proceedings and her counsel advanced the cost of doing so, including a $669 payment for property tax in January 2019.

The foreclosure agent published notice of the sale and was on the eve of foreclosing when the borrower filed its own Chapter 11 petition to stop the foreclosure. The Trustee postponed the foreclosure. Counsel for the borrower contacted counsel for the Trustee and conveyed the borrower's intent to pay off the note obligation. The Trustee believes that attempts were made by the borrower to obtain funding to pay the note obligation. However, the effort failed, the borrower's Chapter 11 was dismissed, and the foreclosure was completed on August 30, 2019.

The Trustee intends to market the Property for sale but as of this date is not projecting a closing date. The Property is the last asset for the Trustee to administer before she can close the case.

WHEREFORE the Trustee requests entry of an order authorizing the relief sought above.

DATED: October 29, 2019   RINCON LAW, LLP

By: */s/Charles P. Maher*
Charles P. Maher
Counsel for Kari Bowyer, Trustee